## Commonwealth v. Slavick

*Joseph C. Giebus*, for Commonwealth.
*Bruce S. Miller*, for private prosecutrix.
*Allan P. Ramsay, Jr.*, for defendant.

HOURIGAN, J., September 16, 1974.—This case is before the court on the private prosecutrix' petition to amend a summary conviction transcript and to have defendant held in contempt of court.

On June 28, 1973, the prosecutrix made a criminal complaint against defendant, charging her with criminal mischief. On September 27, 1973, after hearing, the district magistrate found defendant guilty of the crime as charged and imposed a fine of $25 and costs of $11. Thereafter, on October 16, 1973, defendant appealed her conviction, which appeal was quashed by the court after hearing, on December 14, 1973.

The private prosecutrix now seeks to amend the transcript filed in the appeal to show that the district magistrate sentenced defendant to make restitution in the amount of $468 in addition to the fine and costs he imposed on defendant on September 27, 1973.

Futher, private prosecutrix seeks to have this court hold defendant in contempt of court for having failed to make the restitution as ordered.

The Act of November 27, 1970, P. L. 790 (No. 257), sec.1, as amended, 18 PS §5109, provides for restitution for injuries to the person or property sustained by a victim of crime and for the enforcement of such restitution orders.

Section c(4), (4.1) and (5) provide as follows:

"(4) Whenever the offender shall fail to make restitution as provided in the order of the court of common pleas, the probation department shall notify the court within twenty (20) days of such failure.

"(4.1) Whenever the offender shall fail to make restitution within twenty (20) days to a district justice as ordered, the district justice shall declare the offender in contempt of court and forward the case to the court of common pleas.

"(5) Upon such notice of failure to make restitution, or upon receipt of the contempt decision from a district justice, the court shall order a hearing to determine if the offender is in contempt of court or has violated his probation or parole."

The above-quoted act specifically provides that a court of common pleas obtains jurisdiction to enforce a district justice's restitution order only after the district justice has declared defendant in contempt of court, and has, himself, forwarded the case to court.

The private prosecutor is not given any statutory authority in said act to initiate any proceeding. Here, the record does not show that the district justice has declared defendant in contempt of court and the requested amendment to the transcript to show the restitution order, if granted, would not provide the proof of such finding. Without such finding by the district justice, this court has no jurisdiction in the matter and, therefore, must dismiss this petition.

ORDER

The prosecutrix' petition to amend the transcript and to hold defendant in contempt of court is dismissed.